UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DUFFY,

    Plaintiff,

v.                                                    Case No. 8:23-cv-2604-WFJ-NHA

TOM MAGILLIGAN, EDWARD HAAB, USPS, MIKE DAIGNAULT, and ROBERT CARLTON

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

I recommend Plaintiff's motion to proceed without pre-paying the filing fee (Doc. 2) be denied, and that his Complaint (Doc. 1) be dismissed without prejudice, for failure to state a claim and lack of subject matter jurisdiction.

### **Background**

On November 14, 2023, Plaintiff John Duffy filed this action against Defendants Tom Magilligan, Edward Haab, the United States Postal Service, Mike Daignault, and Robert Carlson alleging that his civil rights were violated because he was refused union representation. Doc. 1, p. 3. When asked to provide a "statement of the claim," Mr. Duffy stated "I have requested my personnel files from Brooksville, FL Post Office. No Response. Those files will document violations." Doc. 1, p. 4. Mr. Duffy continued, in the portion of the

complaint requesting relief: "[w]ith my files I can pursue my case and seek justice." *Id.*

Plaintiff's complaint alleged that this Court ha[d] federal question jurisdiction over his case. *Id.* p. 3. But, when asked to "[l]ist the federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case," and which formed the basis of federal-question jurisdiction, Plaintiff stated only "Violation of civil rights" and "Refused union representation." *Id.*

With his complaint, Mr. Duffy moved to proceed without prepaying costs or fees. Doc. 2. The Court issued an order taking the motion under consideration and explaining that, although Mr. Duffy sufficiently demonstrated his indigency, his complaint failed to sufficiently state a claim or to demonstrate this Court's jurisdiction. Doc. 6. The Court's order explained what was required to plead a viable claim and to invoke the Court's jurisdiction. *Id.* The Court then directed Mr. Duffy to file an amended complaint by February 27, 2024, that (1) stated what federal statute, treaty, or provision of the United States Constitution he alleged was violated; and (2) included a short and plain description of the facts that showed Defendants had violated that federal law. *Id.*, p. 7.

Instead of filing an amended complaint, Mr. Duffy provided a "Notice to the Court" (Doc. 7) conveying frustration with the Court's prior Order (Doc. 6).

2

In his notice, he wrote "Your Honor, If you can read this you can see my frustration." Doc. 7, p. 1. He included copies of the Court's order, which he had annotated with notes evincing his dissatisfaction with it. *See, e.g., id.*, p. 6. While the Court understands Mr. Duffy's frustration, the Court cannot advance a complaint that fails to identify a law that has been violated or to set out facts showing how it was violated, nor can the Court maintain a case over which it lacks jurisdiction. Mr. Duffy has not submitted an amended complaint that fixes these problems as directed by the Court, and his time to do so has expired.

## Standard of Review/Applicable Law

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous . . . or repetitive lawsuits."[1] *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis in either law or fact. *Neitzke*, 490 U.S. at 325.

To demonstrate a basis in fact, Federal Rule of Civil Procedure Rule 8 requires that a plaintiff describe what a defendant did that violated the law a plaintiff claims he violated. As stated under the Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the - defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege enough *facts* to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

---

[1] Mr. Duffy filed at least two similar lawsuits, in December 18, 2023, a month after he filed this one. *See Duffy v. USPS et al.,* 8:23-cv-2891-MSS-UAM (M.D. Fla.); *Duffy v. USPS et al.,* 8:23-cv-2892-WFJ-NHA.

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court has an obligation to ensure is has subject matter jurisdiction over a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

"Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir.1999)). Federal courts have original jurisdiction over all civil actions where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states; this is called diversity jurisdiction. 28 U.S.C. § 1332. Federal courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"; this is called federal question jurisdiction. 28 U.S.C. § 1331. A complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax*

*Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which requires that a federal question be presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Unless the party asserting jurisdiction demonstrates otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## Analysis

In this case, Mr. Duffy has not pled sufficient facts to state a claim. In his complaint, Mr. Duffy stated "I have requested my personnel files from Brooksville, FL Post Office. No Response. Those files will document violations." Doc. 1, p. 4. In the portion of the complaint requesting relief, Mr. Duffy states: "[w]ith my files I can pursue my case and seek justice." *Id.* As explained in the Court's prior order (Doc. 6), these statements do not state facts showing that anyone violated the law. It was for this reason that the Court gave Mr. Duffy an opportunity to file an amended complaint. Mr. Duffy did not do so. His notice to the Court (Doc. 7) does not cure this deficiency.

Likewise, Mr. Duffy has not demonstrated that this Court has subject matter jurisdiction to hear his case. In his complaint, Mr. Duffy states that this Court has federal question jurisdiction. Doc. 1, p. 3. However, when asked to "[l]ist the federal statutes, federal treaties, and or provisions of the United States Constitution that are at issue in this case" which form the basis of federal-question jurisdiction, Mr. Duffy stated, "violation of civil rights" and "refused union representation." *Id.* The Court issued an order instructing Mr. Duffy to file an amended complaint and identify what specific federal statute, federal treaty, or provisions of the Constitution that Mr. Duffy believed was violated. Mr. Duffy did not do so. Thus, the Court lacks a sufficient bases to find it has jurisdiction over this lawsuit.

Because the Court has explained what Mr. Duffy must do to state a claim and demonstrate this Court's jurisdiction over this case, and because Mr. Duffy did not do so in the time allowed, I recommend denying without prejudice Mr. Duffy's motion to proceed without prepaying the filing fee (Doc. 2) and dismissing without prejudice Mr. Duffy's Complaint (Doc. 1).

## Conclusion

Accordingly, I **RECOMMEND**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED without prejudice;

7

2. Plaintiff's complaint be dismissed without prejudice, subject to the right of Plaintiff to file an amended complaint and motion to proceed in forma pauperis within 60 days;

3. At the close of the 60-day period, if Plaintiff has failed to file the amended documents, Plaintiff's case be dismissed with prejudice, which means that Plaintiff would not be allowed to re-open or re-file this lawsuit.

REPORTED on March 19, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.